UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIBAO MEAT PRODUCTS, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>DEL CARIBE MEAT, INC. and SUPER VEGA CHEESES, INC.,<br><br>        Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Cibao Meat Products, Inc. ("Cibao" or "Plaintiff") for its Complaint against Defendants Del Caribe Meat, Inc. ("Del Caribe") and Super Vega Cheeses, Inc. ("Super Vega Cheeses"), alleges as follows:

## THE PARTIES

1. Plaintiff Cibao is a corporation organized and existing under the laws of the State of New York, having a place of business at 92 Green Pond Road, Rockaway, New Jersey 07866.

2. On information and belief, Defendant Del Caribe Meat, Inc. is a corporation organized and existing under the laws of the State of New York, having a place of business at 1212 Brook Avenue, Bronx, New York 10456, within this Judicial District.

3. On information and belief, Defendant Super Vega Cheeses, Inc., is a corporation organized and existing under the laws of the State of New York, having a place of business at 117 East 175th Street, Bronx, New York 10453, within this Judicial District. On information and belief, Del Caribe and Super Vega Cheeses are commonly owned, and will be referred to herein collectively as "Defendants."

## NATURE OF CLAIM, JURISDICTION AND VENUE

4. The claim arises under the Trademark and Unfair Competition Laws of the United States (15 U.S.C. § 1051 *et seq.*) and the common law of the State of New York.

5. Jurisdiction of this Court is founded upon 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b), and the supplemental jurisdiction of this Court under 28 U.S.C. § 1367.

6. On information and belief, Defendants solicit and conduct business within the State of New York, and have committed tortious acts in the State of New York.

7. Venue is proper within this Judicial District under 28 U.S.C. Sections 1391(b) and (c).

## BACKGROUND

8. Cibao is a family-owned company started over 50 years ago in the Bronx. Cibao is engaged in the business of manufacturing, marketing and selling a wide variety of food products, including meat products, throughout the United States, including in the State of New York.

9. Ciba's meat products are sold in grocery stores and supermarkets to the consuming public.

10. Cibao has received numerous awards for its achievements from the industry and from its customers, including the 2022 Company of the Year Award given by the National Supermarket Association.

11. One brand of product that Cibao has manufactured and sold since 1987 with great success is the INDUVECA line of food products. Cibao has sold meat products, including salami, under the INDUVECA Trademark continuously since 1987. Cibao also sells deli ham

under the INDUVECA Trademark. Below is an image of the packaging for Cibao's INDUVECA salami product, bearing a distinctive and well-recognized trade dress, as depicted below. The trade dress includes the total combination of elements of the packaging of Cibao's INDUVECA product, including the use of the colors red, blue, and white for the labeling; the trademark INDUVECA largely centered on a white background mostly enclosed by a near-circular outline in blue; that image repeated along the length of the packaging; each image separated by a rectangular text box identifying the product in non-italicized lettering on a white background positioned under each repeated image mentioned above; and all superimposed on a pink background with a white netting design consisting of repeating hexagons.



3

12. The INDUVECA trade dress was adopted to indicate the source of the food products. The trade dress is non-functional, fanciful, distinctive and well-recognized as and represents the source of Cibao's food products sold in association therewith and a substantial goodwill of Cibao throughout the United States, including in the State of New York.

13. Cibao is the owner of U.S. Trademark Registration No. 1,994,458, registered on August 20, 1996, for the mark INDUVECA for "cooked sausage." Attached as Exhibit 1 is a true and correct copy of this U.S. Trademark Registration certificate.

14. The '458 trademark registration is valid and subsisting, and it is incontestable pursuant to 15 U.S.C. § 1065.

15. Cibao is the owner of U.S. Trademark Registration No. 2,685,871, registered on February 11, 2003, for the mark INDUVECA & Design for "cooked sausage," as depicted below:



Attached as Exhibit 2 is a true and correct copy of this U.S. Trademark Registration certificate.

16. The '871 trademark registration is valid and subsisting, and it is incontestable pursuant to 15 U.S.C. § 1065.

17. Cibao is the owner of U.S. Trademark Registration No. 2,790,562, registered on December 9, 2003, for the mark INDUVECA & Design for "cooked sausage," depicted below:

4



Attached as Exhibit 3 is a true and correct copy of this U.S. Trademark Registration certificate.

18. The '562 trademark registration is valid and subsisting, and it is incontestable pursuant to 15 U.S.C. § 1065. The '458, '871 and '562 registrations, and all rights Cibao has through its common law use of the INDUVECA mark, will be referred to herein collectively as "the INDUVECA Trademark."

19. The INDUVECA Trademark was adopted to indicate the source of the food products. The INDUVECA mark is fanciful, distinctive and well-recognized as and represents the source of Cibao's food products sold in association therewith and a substantial goodwill of Cibao throughout the United States, including in the State of New York.

20. Cibao invested a significant amount of money in promoting the INDUVECA Trademark and trade dress, including national advertising online, on television, and in supermarkets and grocery stores. Cibao markets and sells its INDUVECA line of food products throughout the United States.

21. The INDUVECA Trademark and trade dress have acquired secondary meaning.

22. Cibao's advertising and promotion highlights the INDUVECA Trademark and trade dress.

23. As a result of its long and substantially exclusive use, substantial sales and extensive advertising and promotional activities in connection with Cibao's food products, the

INDUVECA Trademark and trade dress have become well-known and widely recognized as indicating the source or origin of Cibao's products.

24. On information and belief, Defendants manufacture, advertise, market, distribute and sell a variety of food products, including salami and longaniza, through supermarkets and grocery stores in New York.

25. Among the food products sold by Defendants are salami and longaniza bearing reproductions, counterfeits, copies or colorable imitations of Cibao's well-known, registered INDUVECA Trademark and trade dress. On information and belief, Defendants have offered for sale, marketed and/or sold food products bearing reproductions, counterfeits, copies or colorable imitations of Cibao's well-known INDUVECA Trademark and trade dress through supermarkets and grocery stores within the State of New York.

26. Below is a depiction of Del Caribe's salami product marketed and sold under the name INDUSTRIA V. The product is encased in packaging which copies, mimics or imitates the distinctive trade dress of the INDUVECA salami packaging.



27. Below is a depiction of Super Vega Cheeses's longaniza product marketed and sold under the name INDUERD:



28. Del Caribe is the owner of U.S. Trademark Application Serial No. 97/558,100, filed on August 22, 2022, for the mark INDUSTRIA V for "Cheese; Cured meats; Processed meat; Sausage meat." On information and belief, this trademark application was filed with Defendants' full knowledge of Cibao's prior rights to the INDUVECA Trademark. Del Caribe's mark INDUSTRIA V is likely to cause confusion with Cibao's prior incontestable rights to the INDUVECA Trademark.

29. Super Vega Cheeses is the owner of U.S. Trademark Registration No. 6,374,069, registered on June 1, 2021, for the mark INDUERD for "cheese; meat; meat, preserved; processed meat; preserved meats and sausages; processed cheese; sausage meat." Attached as Exhibit 4 is a true and correct copy of this U.S. Trademark Registration certificate. On information and belief, this trademark application was filed with Defendants' full knowledge of Cibao's prior rights to the INDUVECA Trademark. Super Vega Cheeses' mark is likely to cause confusion with Cibao's prior incontestable rights to the INDUVECA Trademark. The resulting consumer confusion has caused and/or will cause harm to Cibao because consumers will be

misled into believing that Defendants' products emanate from or are approved or sponsored by Cibao, when they are not.

30. Defendants' salami and longaniza products directly compete with Cibao's INDUVECA meat products and are marketed and sold to consumers through the same channels of trade.

31. Defendants are not affiliated with, authorized by, or sponsored by Cibao, and have no authority to use Cibao's INDUVECA Trademark or trade dress.

32. On information and belief, Defendants' adoption and use of reproductions, counterfeits, copies or colorable imitations of the INDUVECA Trademark and trade dress was deliberate and intentional and with full knowledge of Cibao's rights.

33. Defendants' adoption of reproductions, counterfeits, copies or colorable imitations of the INDUVECA Trademark and trade dress was and is without Cibao's authorization or consent.

34. On information and belief, Defendants' adoption and use of reproductions, counterfeits, copies or colorable imitations of the INDUVECA Trademark was and is with the intent and purpose of confusing, misleading and deceiving the public, and unfairly capitalizing on Cibao's initiative and goodwill.

35. By adopting and using reproductions, counterfeits, copies or colorable imitations of the INDUVECA Trademark, and by trading on Cibao's valuable goodwill, Defendants have caused and are likely to cause confusion, mistake and deception of purchasers and potential purchasers as to the source or origin of the Defendants' products and as to the existence of an association, connection, or relationship between Defendants and Cibao.

36. By adopting and using a copy or colorable imitation of the INDUVECA Trademark, and by trading on Cibao's valuable goodwill, Defendants have prevented Cibao from building upon the goodwill established in the INDUVECA Trademark and trade dress to its detriment.

37. Defendants' adoption and use of reproductions, counterfeits, copies or colorable imitations of the INDUVECA Trademark and trade dress and Defendants' trading on Cibao's valuable goodwill was, on information and belief, intentional and an effort to boost its sales of its food products. Defendants' actions have and will negatively impact sales of Cibao's food products and have and will damage Cibao's substantial goodwill. Defendants' actions as recited herein have been undertaken in bad faith so as to compete unfairly with Cibao.

38. Defendants' actions have damaged and are likely to damage the reputation and goodwill of Cibao.

39. Cibao is being irreparably injured and monetarily damaged by Defendants' acts. Cibao has no adequate remedy at law.

## COUNT ONE
## TRADEMARK INFRINGEMENT UNDER SECTION 32 OF THE LANHAM ACT

40. Cibao repeats and realleges all of the factual allegations made above and incorporates them herein by reference.

41. This cause of action for trademark infringement arises under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and is for infringement of trademarks registered on the Principal Register of the USPTO as U.S. Registration Nos. 1,994,458; 2,685,871; and 2,790,562.

42. The unauthorized goods provided, sold and/or offered for sale by Defendants bearing reproductions, counterfeits, copies or colorable imitations of Cibao's federally registered trademarks are likely to cause confusion, mistake or deception in that actual and potential

9

customers are likely to believe that Defendants' goods are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or emanate from Cibao, and Defendants' acts constitute trademark infringement.

43. Upon information and belief, Defendants' conduct was and is willful and intentional.

44. Defendants will continue their infringing acts unless enjoined by this Court. Cibao has no adequate remedy at law.

## COUNT TWO
## COMMON LAW TRADEMARK AND TRADE DRESS INFRINGEMENT IN VIOLATION OF SECTION 43(A) OF THE LANHAM ACT

45. Cibao repeats and realleges all of the factual allegations made above and incorporates them herein by reference.

46. This cause of action arises under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. The acts of Defendants alleged herein, including its unauthorized marketing, sale, and/or offer for sale of food products under the INDUVECA Trademark and trade dress, are likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the origin, sponsorship, or approval of products by Cibao.

48. By using such trademarks and trade dress, Defendants have falsely and misleadingly described and suggested that their food products emanate from or are sponsored or approved by Cibao.

49. Upon information and belief, Defendants' conduct was and is willful and intentional.

50.     Upon information and belief, Defendants will continue to infringe upon Cibao's rights under §43(a) of the Lanham Act unless and until they are enjoined by this Court. Cibao has no adequate remedy at law.

**COUNT THREE**
**TRADEMARK AND TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION UNDER NEW YORK COMMON LAW**

51.     Cibao repeats and realleges all of the factual allegations made above and incorporates them herein by reference.

52.     This cause of action arises under the New York common law.

53.     Defendants' sale of food products bearing reproductions, counterfeits, copies or colorable imitations of the INDUVECA Trademark and trade dress constitutes unfair competition in violation of the laws of the State of New York.

54.     By copying and using the INDUVECA Trademark and trade dress in connection with food products, Defendants have misappropriated Cibao's significant investment and expenditures into the marketing for the INDUVECA line of food products.

55.     On information and belief, Defendants' conduct is specially designed to capitalize on the initiative and goodwill of Cibao and has injured and threatens to continue to injure Cibao, including loss of customers, dilution of goodwill and injury to its reputation.

56.     Defendants have unfairly competed with Cibao in violation of Cibao's common law rights.

57.     Upon information and belief, Defendants' conduct was and is willful and intentional, and has damaged Cibao.

58. By the acts alleged above, Defendants have impaired Cibao's goodwill and have otherwise adversely affected Cibao's business by using unfair and improper business practices, in violation of the common law of unfair competition of the State of New York.

59. Defendants will continue to cause irreparable damage to Cibao, including loss of customers and damage to reputation and goodwill, in an amount which cannot be determined. Cibao has no adequate remedy at law.

## COUNT FOUR
## INJURY TO BUSINESS REPUTATION UNDER NEW YORK LAW

60. Cibao repeats and realleges all of the factual allegations made above and incorporates them herein by reference.

61. This cause of action arises under Section 360-l of the General Business Law of the State of New York.

62. Defendants' acts are likely to injure the business reputation of Cibao as consumers who are dissatisfied with the quality of Defendants' unauthorized food products will attribute their dissatisfaction to Cibao.

63. Defendants will continue to impair Cibao's rights unless enjoined by this Court. Cibao has no adequate remedy at law.

## COUNT FIVE
## CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 6,374,069

64. Cibao repeats and realleges all of the factual allegations made above and incorporates them herein by reference.

65. This cause of action arises under Section 37 of the Lanham Act, 15 U.S.C. § 1119, which provides that: "In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore

canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action."

66.     Defendant Super Vega Cheeses, Inc. owns U.S. Trademark Registration No. 6,374,069, which issued less than two years ago on June 1, 2021.

67.     Defendant's trademark that is the subject of the '069 registration is likely to cause confusion, to cause mistake, or to deceive with respect to Cibao's incontestable federal trademark registrations for the INDUVECA Trademark, including U.S. Trademark Registration Nos. 1,994,458; 2,685,871; and 2,790,562, in violation of 15 U.S.C. § 1052.

68.     In light of the foregoing, Cibao requests that this Court issue an Order directing the Commissioner of Patents and Trademarks to cancel U.S. Trademark Registration No. 6,374,069.

69.     Cibao has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Cibao demands judgment as follows:

70.     Entering judgment in Cibao's favor and against Defendants;

71.     Preliminarily and permanently enjoining Defendants, their agents, servants, employees and attorneys and all those acting in concert or participation with them from importing, distributing, advertising, promoting, selling, or offering for sale any food product under or in connection with any reproductions, counterfeits, copies or colorable imitations of the INDUVECA Trademark or trade dress, unless the product emanates from or is authorized by Cibao, and from applying to register any trademark that constitutes a reproduction, counterfeit, copy or colorable imitation of the INDUVECA Trademark or trade dress;

72. Requiring Defendants to:

    (a) cancel all outstanding orders for the food products bearing reproductions, counterfeits, copies or colorable imitations of the INDUVECA Trademark or trade dress and to refund any monies received;

    (b) cancel all advertising for food products bearing reproductions, counterfeits, copies or colorable imitations of the INDUVECA Trademark or trade dress;

    (c) notify all customers that the food products bearing reproductions, counterfeits, copies or colorable imitations of the INDUVECA Trademark or trade dress are not associated with, sponsored by or affiliated with Cibao and are not Cibao products; and

    (d) issue a recall of all food products reproductions, counterfeits, copies or colorable imitations of the INDUVECA Trademark or trade dress that Defendants have shipped to its customers.

73. Issuing an Order directing Del Caribe to expressly abandon with prejudice U.S. Trademark Application Serial No. 97/558,100, filed on August 22, 2022, for the mark INDUSTRIA V;

74. Issuing an Order directing the Commissioner of Patents and Trademarks to cancel U.S. Trademark Registration No. 6,374,069;

75. Requiring Defendants to pay their profits to Cibao, any damages sustained by Cibao as a result of its acts, and costs for the action, pursuant to 15 U.S.C. § 1117(a) and/or any other damages recoverable under any other statute or law alleged in this Complaint;

76. Awarding Cibao its reasonable attorneys' fees because of the exceptional nature of this case, pursuant to 15 U.S.C. § 1117(a) and/or any other applicable statute or law;

77. Requiring Defendants to pay to Cibao treble damages due to the exceptional circumstances of this case, pursuant to 15 U.S.C. § 1117(a) and/or any other applicable statute or law;

78. Requiring that all labels, signs, prints, packages, wrappers, receptacles, and advertisements of Defendants' food products bearing reproductions, counterfeits, copies or colorable imitations of the INDUVECA Trademark or trade dress, and all plates, molds, matrices and other means of making the same, be delivered up to Plaintiff for destruction, pursuant to 15 U.S.C. § 1118; and

79. Granting such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Cibao demands a jury trial on all issues and claims so triable.

Date: May 25, 2023

/s/ Robert T. Maldonado
Robert T. Maldonado (RM-7873)
WOLF, GREENFIELD & SACKS, P.C.
605 Third Avenue, 25th Floor
New York, New York 10158
Tel.: (212) 697-7890
Fax: (617) 646-8646
Rmaldonado@wolfgreenfield.com

*Counsel for Cibao Meat Products, Inc.*